## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## BALTIMORE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) | |
|     George H. Fallon Federal Building | ) | |
|     31 Hopkins Plaza, Suite 1432 | ) | |
|     Baltimore, MD 21201-2525 | ) | |
| | ) | |
|         Plaintiff, | ) | **COMPLAINT AND JURY TRIAL** |
| | ) | **DEMAND** |
| v. | ) | |
| | ) | |
| STANLEY BLACK & DECKER, INC., | ) | Civil Action No. |
|     701 East Joppa Road | ) | |
|     Baltimore, Maryland 21286 | ) | |
| | ) | |
|         Defendant. | ) | |
| | ) | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended through the ADA Amendments of 2008 (ADA), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Amy L. Sicard ("Sicard"), who was adversely affected by such practices. The Equal Employment Opportunity Commission ("the Commission" or "EEOC") alleges that Defendant Stanley Black & Decker, Inc. ("Defendant") unlawfully discriminated against Sicard by failing to reasonably accommodate her and by terminating her employment as an Inside Sales Representative because of her actual disability and record of a disability, in violation of the ADA.

JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference  Sections 706(f)(1) & (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e-5(f)(1) & (3); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland, Baltimore Division.

PARTIES

3.      Plaintiff, the United States Equal Employment Opportunity Commission, is an agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) & (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) & (3).

4.      At all relevant times, Defendant Stanley Black & Decker, Inc. has continuously been a Connecticut corporation doing business in the State of Maryland and the City of Towson, and has continuously had at least 15 employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporate by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

2

6.      At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7.      More than thirty days prior to the institution of this lawsuit, Amy Sicard filed a charge of discrimination with the Commission alleging violations of Title I of the ADA by Defendant.  All conditions precedent to the institution of this lawsuit have been fulfilled.

8.      On or around April 11, 2018, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9.      The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10.      The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11.      On or around July 9, 2018, the Commission issued to Defendant a Notice of Failure of Conciliation.

12.      All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

13.      Since at least October 18, 2016, Defendant has engaged in unlawful employment practices in violation of Section 102 of the ADA, 42 U.S.C. § 12112(a) and (b), by failing to provide Sicard a reasonable accommodation for her disability and discharging her because of her

disability.

14.     At all relevant times, Sicard has been an individual with an actual disability and a record of a disability as defined by the ADA.

15.     In September 2015, Sicard was diagnosed with cancer and thereafter underwent intensive chemotherapy and radiation treatment.

16.     As a result of her disability, Sicard is substantially limited in the major bodily functions of normal cell growth.

17.     On March 14, 2016, Sicard began working with Defendant as an Inside Sales Representative, reporting to Inside Sales Manager Mark Morley.

18.     At all relevant times, Sicard was qualified to perform the essential functions of her Inside Sales Representative position.

19.     In or around April 2016, Sicard informed Sales Manager Morley about her prior cancer diagnosis and her need to attend follow-up doctor appointments throughout the year.

20.     Sicard performed her job successfully until her discharge, exceeding all goals and quotas and was recognized for her performance.

21.     In July 2016, Sicard was absent for four days after developing cellulitis at the site of where she received her prior radiation treatment for cancer (buttocks).

22.     In October 2016, Sicard was absent for three days after running a high fever and experience a recurrence of cellulitis at the same location.

23.     On October 10, 2016, Sicard underwent a CT abdominal scan to determine if her cancer had recurred or spread to other parts of her body.  Because the CT scan revealed two small spots on her liver and her likely need for leave for additional testing, including a biopsy,

4

Sicard met with Defendant's Human Resources Nicole Barnwell to discuss what options she had. Sicard specifically disclosed the reason for her latest absence and her anticipated need for leave. Sicard also submitted a medical note from the GBMC Cancer Institute excusing her absence. Barnwell informed Sicard that she had no options since she was not eligible for medical leave under the Family and Medical Leave Act since she had been employed with Defendant for less than a year.

24.    On October 18, 2016, Sales Manager Morley issued Sicard a written warning, stating that her absence on October $10 - 12^{th}$ counted as her 5th occurrence this year under Defendant's Inside Sales Attendance Policy.

25.    Defendant's Inside Sales Attendance Policy allows employees up to three occurrences in a rolling 12-month period without penalty before the disciplinary process begins. Employees are then progressively disciplined as follows:

| | |
|---|---|
| 4th Occurrence: | Verbal Warning |
| 5th Occurrence: | Written Warning |
| 6th Occurrence: | Final Written Warning |
| 7th Occurrence: | Subject to Termination |

26.    Defendant's Inside Sales Attendance Policy provides no exceptions for qualified individuals with disabilities under the ADA whose "occurrences" are caused by their disabilities.

27.    Defendant's Inside Sales Attendance Policy does not have any provision for reasonable accommodation of qualified individuals with disabilities who need leave for their disabilities.

28.    On December 21, 2016, Defendant terminated Sicard's employment for poor attendance.

5

29.     Defendant did not follow its progressive discipline policy when it terminated Sicard.

30.     The effect of the practices complained of in paragraphs above has been to deprive Sicard of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

31.     The effect of the practices complained of above has been to deprive Sicard of equal employment opportunities and otherwise adversely affect her rights under the ADA resulting in lost wages, emotional pain, suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and loss of enjoyment of life, because of her disability.

32.     The unlawful employment practices complained of above were intentional.

33.     The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Amy Sicard.

<u>PRAYER FOR RELIEF</u>

Wherefore, the EEOC respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from discriminating by discharging qualified employees because of a disability or by failing to provide reasonable accommodations to individuals covered by the ADA;

B.     Order Defendant to institute and carry out policies, practices, and programs that eradicate the effects of its past and present unlawful employment practices, including but not limited to requiring that Defendant (i) amend its Inside Sales Attendance Policy to state that Defendant must make exceptions to the policy when required by the ADA as a reasonable

accommodation for employees with disabilities; (ii) publicize that amendment to all present and future employees; and (iii) adhere to the amendment;

      C.      Order Defendant to make whole Amy Sicard by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to frontpay and reinstatement;

      D.      Order Defendant to make whole Amy Sicard by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of above, including but not limited to any job search expenses and medical expenses, and other pecuniary losses, in amounts to be determined at trial;

      E.      Order Defendant to make whole Amy Sicard by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including pain and suffering, emotional distress, indignity, inconvenience, loss of enjoyment of life, loss of self-esteem, and humiliation, in amounts to be determined at trial;

      F.      Order Defendant to pay Amy Sicard punitive damages for its malicious and reckless conduct, as described above, in an amount to be determined at trial;

      G.      Grant such further relief as the Court deems necessary and proper in the public interest; and

      H.      Award the EEOC its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

JAMES L. LEE
Acting General Counsel


GWENDOLYN YOUNG REAMS
Associate General Counsel

DEBRA M. LAWRENCE
Philadelphia District Regional Attorney


MARIA SALACUSE (Bar No. 15562)
Supervisory Trial Attorney
Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201-2525
phone: 410-209-2733 | fax: 410-962-4270
maria.salacuse@eeoc.gov